

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-371-CR

NICKOLAS SHANE LANCASTER                                    APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury convicted Appellant Nickolas Shane Lancaster of driving while intoxicated ("DWI"), and the trial court sentenced him to 120 days' confinement, suspended for twenty-four months' community supervision. In

---

[1] *See* Tex. R. App. P. 47.4.

two points, Lancaster argues that the evidence is legally and factually insufficient to support his conviction. We will affirm.

## II. BACKGROUND

On June 23, 2002, at approximately 8:00 p.m., Officer Ronny Desselles of the Fort Worth Police Department received a broadcast about a vehicle alleged to have been involved in a potential "road rage" incident. He later observed a vehicle traveling at a high rate of speed that matched the description of the vehicle identified in the broadcast. Officer Desselles saw the vehicle lock up all four of its wheels and skid just before it entered a Wal-Mart parking lot and parked. Officer Desselles entered the parking lot, parked his vehicle, and made contact with the driver of the vehicle, Lancaster.[2]

Officer Desselles asked Lancaster if anything was wrong, if he was in a hurry, and if he needed help. Lancaster replied that nothing was wrong, that he was in a hurry, and that he did not need help. Officer Desselles observed that Lancaster's eyes were heavy, bloodshot, and watery and that a strong smell of alcohol was coming from his breath. Officer Desselles believed at this point that Lancaster could be intoxicated. When Officer Desselles had

---

[2] Officer Desselles did not have his vehicle's emergency lights or siren activated, and he described the contact that he made with Lancaster as "consensual."

2

Lancaster exit his vehicle, "it appeared that [Lancaster's] balance . . . swayed and [was] unsteady."

Officer Desselles asked Lancaster to perform a number of field sobriety tests, including the horizontal gaze nystagmus ("HGN"), the walk-and-turn, and the one-leg stand tests. Officer Desselles observed more than four "clues" indicating impairment when Lancaster performed the HGN evaluation; both of Lancaster's eyes "jerked," and he had distinct nystagmus at maximum deviation in both eyes and nystagmus "prior to 45 degrees." When Lancaster performed the walk-and-turn test, he did not touch his heel to his toe on every step, he lost his balance when turning, he turned incorrectly, he took an incorrect number of steps, and he did not count out loud the steps that he took. When Lancaster performed the one-leg stand test, he swayed while he was balancing, he put his foot down, and he counted only to fourteen, not thirty as he was supposed to do.

Considering all of his observations, Officer Desselles concluded that Lancaster had lost the normal use of his mental and physical faculties, that alcohol consumption had caused his intoxication, and that he was "DWI." Officer Desselles arrested Lancaster, and Officer Kenneth Pierce arrived to take possession of Lancaster and transport him to jail. Officer Desselles released

Lancaster's vehicle to his wife, who was present when Officer Desselles first approached Lancaster in the Wal-Mart parking lot.

Officer Pierce observed that Lancaster's eyes were red and bloodshot and that he had alcohol on his breath. Officer Pierce could smell the alcohol on Lancaster when he spoke in the patrol car. At jail, Lancaster admitted to Officer Pierce that he had been drinking, that he drank three twelve-ounce cans of beer, that he was under the influence of an alcoholic beverage, and that he drinks every day. Lancaster also agreed to give a breath specimen. The first sample contained .116 grams of alcohol per 210 liters of breath, and the second sample contained .130 grams of alcohol per 210 liters of breath. Officer Pierce opined that Lancaster was intoxicated.

### III. EVIDENTIARY SUFFICIENCY

A person commits DWI if "the person is intoxicated while operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). The penal code defines "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body" or "having an alcohol concentration of 0.08 or more." *Id*. § 49.01(2).

### A. Legal Sufficiency[3]

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000).

---

[3] We address Lancaster's factual sufficiency issue separately. *See Laster v. State*, 275 S.W.3d 512, 519 (Tex. Crim. App. 2009) (stating that appellate courts should not combine legal and factual sufficiency analysis).

5

The record contains evidence that Lancaster exhibited multiple signs of intoxication, that he performed poorly on each of the three field sobriety tests administered by Officer Desselles, and that he blew breath tests containing at least .11 grams of alcohol per 210 liters of breath. Both Officer Desselles and Officer Pierce opined that Lancaster was intoxicated. The jury, as the sole judge of the weight and credibility of the evidence, considered any conflicts in the testimony and resolved them in favor of the State. Viewing all of the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found beyond a reasonable doubt that Lancaster committed DWI. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. Accordingly, the evidence is legally sufficient to support Lancaster's conviction. We overrule Lancaster's first point.

## B.    Factual Sufficiency

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State,* 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly

6

outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

We may not simply substitute our judgment for the factfinder's. *Johnson v. State*, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Id*. at 9. An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Lancaster argues that the evidence is insufficient to support his conviction because his wife testified that he was not intoxicated at the time of his arrest. Under the factual sufficiency standard of review, however, we are required to

7

defer to the jury's determination of the weight to be given contradictory testimonial evidence of Lancaster's intoxication. *See Johnson*, 23 S.W.3d at 8. Thus, we give deference to the jury's decision to believe Officer Desselles's and Officer Pierce's testimony that Lancaster was intoxicated. *See id*. at 9.

Lancaster also argues that the evidence is insufficient to support his conviction because Officer Desselles did not correctly perform the field sobriety tests. To support this argument, the portion of the record that Lancaster directs us to contains the testimony of Lancaster's wife that she did not see Officer Desselles perform the one-leg stand test or the walk-and-turn test, that Officer Desselles did not perform any field sobriety tests on her, that she felt like Officer Desselles had "badgered" her, and that Lancaster works for a plumbing business. None of her testimony relates to Officer Desselles's alleged incorrect administration of any of the field sobriety tests, nor does Lancaster specify which conduct of Officer Desselles demonstrates the allegedly incorrect performance of the field sobriety tests. Lancaster's argument is consequently unconvincing.

Other evidence supports Lancaster's factual sufficiency argument. Lancaster's wife testified that Lancaster did not skid his vehicle's tires when he pulled into Wal-Mart and that he worked with certain chemicals earlier in the day. And although Officer Desselles observed multiple clues of impairment

8

when Lancaster performed the walk-and-turn test, Lancaster was able to keep his balance while listening to instructions, he did not start performing the exercise before the instructions were given, he did not step off of the line that he was required to walk, and he did not use his arms to steady himself. While this evidence supports Lancaster's argument, the record also contains ample evidence of Lancaster's intoxication, including the multiple symptoms of intoxication that he exhibited, his poor performance on the field-sobriety tests, and the results of the breath tests indicating that he had at least .11 grams of alcohol per 210 liters of breath. *See* Tex. Penal Code Ann. § 49.01(2) (defining "intoxication").

Viewing all the evidence in a neutral light, favoring neither party, the evidence supporting the conviction is not so weak that the jury's determination is clearly wrong and manifestly unjust, nor does the conflicting evidence so greatly outweigh the evidence supporting the conviction that the jury's determination is manifestly unjust. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. Accordingly, we hold that the evidence is factually sufficient to support Lancaster's conviction. We overrule Lancaster's second point.

9

## IV.  CONCLUSION

Having overruled both of Lancaster's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 14, 2009

10